[Cite as *Eaker v. Cunningham*, 2026-Ohio-2474.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MORROW COUNTY, OHIO

| | |
|---|---|
| ROBINETTE LYNN EAKER, et al., | Case No. 2025CA0014 |
| Plaintiffs - Appellees | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Morrow County Municipal Court, Morrow County, Ohio, Case No. 2025CVG454 |
| ENOCH CUNNINGHAM, | |
| Defendant - Appellant | Judgment: Affirmed |
| | Date of Judgment Entry: June 29, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** SAMUEL J. ZIMMERMAN, for Plaintiffs-Appellees; G. ELI EARICH and TROY A. CALLICOAT, for Defendant-Appellant.

*Montgomery, J.*

{¶1} Defendant-Appellant Enoch Cunningham appeals the judgment of the Morrow County Municipal Court in favor of Plaintiffs-Appellees Robinette and Keith Eaker on their complaint to evict Appellant from their property.

**STATEMENT OF THE FACTS AND CASE**

{¶2} Appellees purchased the property where Appellant, who is Appellee Robinette Eaker's uncle, was residing. Appellees served Appellant with a thirty-day notice

of eviction and a three-day notice of eviction. When Appellant failed to vacate the premises, they filed the instant action in forcible entry and detainer in the Morrow County Municipal Court.

{¶3} Prior to trial, Appellees filed a motion in limine seeking to prevent Appellant from presenting evidence challenging their title to the subject property. The trial court granted the motion.

{¶4} The case proceeded to bench trial. At trial, Appellant testified he had lived on the property for eighty-two years. He testified he lived on the property with his parents and his eight siblings as a child. He testified his parents verbally agreed to give the land to their nine children, and he believed this gave him the right to continue to live on the property. Appellant had no lease and had not paid rent, but based on his parents' promise, he believed he had the right to remain on the property.

{¶5} The trial court entered judgment in favor of Appellees, ordering Appellant to vacate the property by Sunday, November 30, 2025. The trial court stayed the eviction order pending appeal. It is from the November 5, 2025, judgment of the trial court Appellant prosecutes this appeal, assigning as error:

"I. THE TRIAL COURT ERRED BY RELYING ON CLEARLY ERRONEOUS TESTIMONY FROM MRS. EAKER TO ADMIT THE PURPORTED DEED INTO EVIDENCE AT TRIAL."

"II. THE TRIAL COURT ERRED PROCEDURALLY AND SUBSTANTIVELY BY IMPROPERLY GRANTING APPELLEES' MOTION TO SUPPRESS."

"III.   THE TRIAL COURT ERRED BY MISAPPLYING THE OHIO RULES OF EVIDENCE TO ADMIT APPELLEES' PURPORTED DEED INTO EVIDENCE AT TRIAL."

## STANDARD OF REVIEW

**{¶6}** All three of Appellant's assignments of error claim the trial court erred in the admission or exclusion of evidence. "[A] trial court is vested with broad discretion in determining the admissibility of evidence in any particular case, so long as such discretion is exercised in line with the rules of procedure and evidence." *Rigby v. Lake Cty.*, 58 Ohio St.3d 269, 271(1991).

## I., III.

**{¶7}** Appellant argues in his first and third assignments of error that the trial court erred in admitting the deed into evidence because Appellee Robinette Eaker's testimony demonstrated a page of the copy of the deed was missing, and the admission of a copy of the deed in place of the original violates Evid.R. 1002, Ohio's best evidence rule. We disagree.

**{¶8}** Robinette Eaker testified the copy of the deed transferring the subject property to her and her husband was a true and accurate copy of the original. At the time the deed was submitted for admission into evidence, Appellant objected on the basis there was an additional page that assigned dower rights which was not attached to the exhibit. Appellant also objected on the basis that the deed was not the original, and admission of the copy violated the best evidence rule. The trial court overruled Appellant's objections and admitted the deed into evidence.

{¶9} Appellant has not demonstrated that the purported missing page assigning dower rights was in any way relevant to the forcible entry and detainer action or to his defense that he was permitted to live on the property by virtue of an oral promise made by his parents. In *State v. Myers*, the defendant argued pages were torn out of a notebook which had been admitted into evidence, and the missing pages "had an altering effect on the writing." 2018-Ohio-1903, ¶ 115. The Ohio Supreme Court held that nothing in the record demonstrated the missing pages altered the portion of the notebook that was admitted into evidence, and while the missing pages may have affected the evidentiary weight of the notebook, the missing pages did not render the notebook inadmissible. *Id.* at ¶ 116.

{¶10} Appellant argues the instant case is distinguishable because the document was a deed, and not a notebook. We disagree. Nothing in the record demonstrates the missing page assigning dower rights affected Appellees' title to the property. We find the purported missing page did not render the document inadmissible.

{¶11} Evid.R. 1002 provides in pertinent part, "To prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required." However, Evid.R. 1003 provides:

A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original.

{¶12} Appellant did not raise a genuine question as to the authenticity of the original. His claim he was permitted to continue to live on the property did not raise a question as to the authenticity of the original deed transferring the property to Appellees,

nor did his argument a page assigning dower rights was missing raise a question as to the authenticity of the original. We find the trial court did not err in overruling Appellant's objection to the admission of the copy of the deed in lieu of the original deed.

{¶13} The first and third assignments of error are overruled.

## II.

{¶14} In his second assignment of error, Appellant argues the trial court erred in granting Appellees' motion in limine, which was in effect a motion to suppress. We disagree.

{¶15} Prior to trial, Appellees filed a motion in limine seeking to prevent Appellant from presenting evidence challenging their title to the subject property. The trial court granted the motion.

{¶16} Appellant first argues a motion in limine is not proper when it acts as a motion to suppress, preventing a party from presenting any evidence at trial. Appellant cites *Riverside Methodist Hospital Assn. v. Guthrie*, 3 Ohio App.3d 308 (10th Dist. 1982), for the proposition that a motion in limine cannot be used to determine the admissibility of evidence with finality. However, *Riverside Methodist* recognized a motion in limine can serve the same purpose as a motion to suppress where the evidence is either not competent or is improper. *Id*. at 310. In *City of Akron v. Carter*, the court recognized while motions in limine are typically preliminary in nature, when a motion in limine targets evidence that is categorically inadmissible because it will never become relevant or admissible at trial, the ruling on the motion is not preliminary, it is definitive in nature. 2010-Ohio-5462, ¶ 8 (9th Dist.).

{¶17} In the instant case, the motion targeted evidence of a title contra to Appellees' record title to the property. The municipal court does not have jurisdiction to adjudicate a recovery of title action or resolve equitable claims to real property:

Municipal courts and their subject-matter jurisdiction are creatures of statute and they possess only those powers legislatively granted. *Fenner v. Parkinson*, 69 Ohio App.3d 210, 215, 590 N.E.2d 339, 341, 6 Anderson's Ohio App. Cas. 308, (10th Dist. 1990). R.C. 1901.18(A)(8) provides jurisdiction for municipal courts to hear and determine forcible entry and detainer actions. A forcible entry and detainer action deals with right of present possession of property, not legal title to property. *James v. Partin*, 12th Dist. Clermont No. CA2001-11-086, 2002-Ohio-2602, ¶ 20 citing *Haas v. Gerski*, 175 Ohio St. 327, 330, 194 N.E.2d 765 (1963). A quiet title action determines the legal title to property. Other than R.C. 1901.18(A)(8), there is no statutory authority that would confer jurisdiction upon a municipal court to hear and determine an action to quiet title. *Wells v. Cunningham*, 56 Ohio Misc.2d 9, 11, 564 N.E.2d 758, 761, 1990 WL 253199 (M.C.1990). The Ohio Supreme Court addressed the issue of whether an action to quiet title in the court of common pleas prevents a municipal court from rendering judgment in a forcible entry and detainer action in *Haas v. Gerski*, 175 Ohio St. 327, 330, 194 N.E.2d 765 (1963). The *Haas* court stated "[a]n action in forcible entry and detainer is solely a possessory action. It does not determine the title to real property. The gist of the action is the right to present possession. Where, as here, possession is dependent on title, it is the present title which controls. In such an action, the court as an

incident to determining the right to possession may determine in whom the present title rests, but it is only to this extent that title is determined and such determination in no way binds the Court of Common Pleas." *Id*. The Twelfth District Court of Appeals noted, "In its syllabus, the *Haas* court more succinctly stated that, '[a] Municipal Court, under Section 1901.18, Revised Code, has jurisdiction to hear and determine a forcible entry and detainer action, where, although title to the realty is drawn in question, there is no question as to *present record title*.' (Emphasis added.)" *Pemberton v. Woodford*, 12th Dist. Brown No. CA2012-01-001, 2013-Ohio-214, ¶ 13.

*Brown v. Arnholt*, 2016-Ohio-5741, ¶¶ 24-25 (5th Dist.).

**{¶18}** In the instant case, the court correctly concluded that as a municipal court, it lacked jurisdiction to adjudicate a claim of title.  There was no question that the present record title rested in Appellees, and the trial court did not err in excluding any evidence of title to the property through adverse possession because the trial court lacked jurisdiction to quiet title in Appellant.

**{¶19}** However, as an ancillary to the forcible entry and detainer action, the trial court did allow Appellant to testify he believed he had a right of possession of the property because his parents orally indicated they wanted their children to have the property. Thus, while the trial court precluded Appellant from presenting evidence of a contrary record title to the property, he was permitted to present evidence concerning his claim of his right to possession.  We find the trial court did not err in granting the motion in limine, and the trial court did not preclude Appellant from presenting evidence concerning his claim of his right to possession.

**{¶20}** The second assignment of error is overruled.

## CONCLUSION

**{¶21}** For the reasons stated in our accompanying Opinion, the judgment of the Morrow County Municipal Court is Affirmed.

**{¶22}** Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Hoffman, J. concur.